Adante Pointer
California Bar No. 236229
POINTER & BUELNA, LLP
1901 Harrision St., Suite 1140
Oakland, California 94612
Office: (510) 929-5400
apointer@lawyersftp.com

Anthony G. Buzbee
Ryan S. Pigg
Ben Agosto III
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77002
Office: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| WALTER SCOTT<br><br>Plaintiff,<br><br>vs.<br><br>TESORO REFINING & MARKETING CO. and ANDEAVOR, LLC<br><br>Defendants. | No. 4:20-cv-04875-JSW<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, WALTER SCOTT, alleges as follows:

**PARTIES**

1. Plaintiff is a citizen of the State of California and resides in Sacramento, California.

2. Defendant Tesoro Refining & Marketing Company, LLC is a limited liability company doing business in the State of California. It is represented by counsel and has filed an Answer to the present suit.

3. Defendant Chris Nash Trucking, Inc. is a domestic for-profit corporation doing business in the State of California. It may be served by and through its registered agent: Chris Nash, 9243 Marlemont Circle, Elk Grove, California, 95758.

4. Alliance Tank Lines, Inc. is a domestic for-profit corporation doing business in the State of California. It may be served by and through its registered agent: Lourdes Monique Guzman, 1055 Vaughn Road, Dixon, California 95620.

5. Defendant Pac West Trucking & Transportation, Inc. is a domestic for-profit corporation doing business in the State of California. It may be served by and through its registered agent: Terri E. Hunt, 2319 Vanderbilt Lane #B, Redondo Beach, California 90278.

6. Defendant Joe Gomes Trucking, Inc. is a domestic for-profit corporation doing business in the State of California. It may be served by and through its registered agent: Dorene Lee Gomes, 35943 CR24, Woodland, California 95695.

**VENUE AND JURISDICTION**

7. This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the fact that the controversy between all claimants exceeds the value of $75,000 and, at the time of filing, complete diversity exists among the Parties.

8. This Court has personal jurisdiction over Defendants, as Defendants conduct business in, and has sufficient minimum contacts with, the United States, and specifically, in this State. The exercise of personal jurisdiction is proper herein because Defendants' contacts arise from and/or relate to business conducted in this State; specifically, the Martinez Refinery in

Martinez, California. Defendants each have purposefully established minimum contacts in the forum state either by conducting business specifically at the Martinez Refinery and/or presence in California, invoking the benefits and protections of its laws. Therefore, specific jurisdiction exists herein.

9. Venue is proper in this Court because this matter arises out of events which occurred within the jurisdictional boundaries of this Court. Moreover, Defendant Tesoro conceded that venue is proper in the United States District Court for the Northern District of California—Oakland Division. *See* ECF No. 8 (arguing that in the alternative of Defendants' Motion, the proper venue is the Northern District of California—Oakland Division).

## BACKGROUND

10. Plaintiff is a gasoline and petroleum products hauler. On or about the morning of September 4, 2019, Plaintiff drove to Defendant Tesoro's Refinery in Martinez, California in his combination tractor-tanker to pick up a load of gasoline. After arriving on the premises, Plaintiff pulled his rig into a loading terminal lane so that product could be loaded into his cargo tank. Once he was properly positioned in the lane, Plaintiff made a complete stop and exited his truck to begin the loading process.

11. The ground of loading terminal's lane was saturated with an excess of petrochemical product and mud. Defendant Tesoro failed to clean and clear the loading bay area such that it was safe for workers to load rigs, like Plaintiff. The result of this mixture created an extremely slippery surface, which Plaintiff would be forced to negotiate in order to complete his loading procedure and pre-trip inspection. While circling around his truck, Plaintiff lost his footing and fell. But, the lane was so slippery that Plaintiff did not fall directly to the ground—Plaintiff desperately attempted to maintain his balance and in the process, was caught in his tractor's hose. As he was ensnared, he continued to fall. The force of Plaintiff's tangled fall caused Plaintiff's knees,

shoulder and back to "pop," and Plaintiff landed facedown. Plaintiff blacked out thereafter. When he awoke, Plaintiff was suspended above the ground by his tangle, with only the brim of his hard hat keeping his face from the submerging in the mud.

12. Shortly after Plaintiff regained consciousness, Plaintiff was assisted by Refinery personnel to help extricate Plaintiff from his entanglement. It took three (3) Tesoro personnel and several minutes to free Plaintiff because of the slippery surface and entangled hose. The force of the fall immediately caused Plaintiff pain to both of his knees, his shoulder, his back and his head.

13. Earlier on the day of the incident, Defendants Chris Nash Trucking, Alliance, Pac West and Gomes Trucking (the "Trucking Defendants") each picked up loads at the Martinez Refinery, using the same loading terminals that Plaintiff would eventually use. However, as each Trucking Defendant used the lane, each failed to use reasonable care in loading, which cause and/or contributed to the collection of excess product, mud and debris that gathered in the lane. The combination of the Trucking Defendants' negligent loading with the Defendant Tesoro's negligent care of the premises proximately caused Plaintiff's injuries. Further, the Defendants' conscious disregard of an objective, extreme degree of risk posed by the hazardous condition of the Refinery's loading lane proximately caused Plaintiff's injuries.

14. After this incident, Plaintiff sought medical treatment for his injuries. Plaintiff continues to treat and has a long road to recovery.

## NEGLIGENCE – ALL DEFENDANTS

15. Plaintiff re-alleges each aforementioned allegation. Defendants owed a duty of reasonable care to the Plaintiff. Defendants breached the duty of reasonable care in one or more of the following non-exclusive ways, among others:

   a. Failing to institute and enforce precautionary measures to protect individuals working on the premises and work site;

b. Failing to properly and timely fix, and warn of, any job hazards;

c. Failing to safely schedule and/or plan the work;

d. Failing to ensure the loading terminal was free and clear of potential hazards prior to allowing any personnel onto it;

e. Failing to ensure safety personnel were in place;

f. Failure to follow process safety measures as required by the industry standard;

g. Failure to reasonably carry out duties as per the contracts in place;

h. Failing to properly train and/or supervise those on site; and

i. Failing to maintain a safe work environment for contractors at the facility.

18. Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

16. As a direct and proximate result of the aforementioned negligence, carelessness, and other tortious, unlawful and wrongful acts and omissions of each Defendant, and their respective agents, servants, employees and authorized representatives as aforesaid, Plaintiff has suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

17. WHEREFORE, Plaintiff Walter Scott prays for judgment against Defendants as follows:

a. For general and special damages, according to proof;

b. For pre-and post-judgment interest, according to proof;

c. For costs of suit, including reasonable attorneys' fees, as allowed by law; and

d. For such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

18. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: /s/ *Anthony G. Buzbee*
Anthony G. Buzbee
Ryan S. Pigg
Ben Agosto III
600 Travis Street, Suite 7300
Houston, TX 77002
Office: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com
rpigg@txattorneys.com
bagosto@txattorneys.com

Adante Pointer
California Bar No. 236229
POINTER & BUELNA, LLP
1901 Harrision St., Suite 1140
Oakland, California 94612
Office: (510) 929-5400
apointer@lawyersftp.com

**ATTORNEYS FOR PLAINTIFF**