1  Mark E. Lowary, Esq. (SBN 168994)
2  Bryan G. Ceglio, Esq. (SBN 312682)
   BERMAN BERMAN BERMAN
3  SCHNEIDER & LOWARY, LLP
   2390 Professional Drive
4  Roseville, California 95661
   Telephone: (916) 846-9391
5  Facsimile: (916) 672-9290
   E-mail: melowary@b3law.com
6  E-mail: bceglio@blaw.com

7  Attorneys for Cross-Defendant
   HENNER TANK LINES, INC.

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11

12 | WALTER SCOTT                       ) CASE NO: 4:20-CV-04875-JSW
                                         )
13 |         Plaintiff,                  ) **CROSS-DEFENDANT HENNER TANK
                                         ) LINES, INC.'S  MEMORANDUM OF
14 |   vs.                               ) POINTS AND AUTHORITIES IN SUPPORT
                                         ) OF MOTION TO DISMISS CROSS-
15 | TESORO REFINING & MARKETING,        ) COMPLAINANT'S CROSS-COMPLAINT
   | COMPANY, LLC,                       ) [FRCP, Rule 12(b)(6)]**
16 |                                     )
   |         Defendant(s).               ) Date:     January 8, 2021
17 |                                     ) Time:     9:00 a.m.
   |                                     ) CRTRM:    Courtroom 5, 2nd Floor
18 | TESORO REFINING & MARKETING         )
   | COMPANY, LLC,                       )
19 |                                     )
   |         Cross-Complainant,          )
20 |                                     )
   |   vs.                               )
21 |                                     )
   |                                     )
22 | HENNER TANK LINES, INC., and ROES   )
   | 1 -50,                              )
23 |                                     )
   |         Cross-Defendant(s).         )
24 |                                     )
                                         )
25

26 ///

27 ///

28 ///

---
1
MPA IN SUPPORT OF MOTION TO DISMISS CROSS-COMPLAINT [FRCP, RULE 12(b)(6)]

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND STATEMENT OF RELEVANT FACTS

As set forth in the Pleadings, Plaintiff suffered a worksite injury while on the premises of Cross-Complainant Tesoro Refining & Marketing Co.'s ("TRMC") oil and gas refinery in Martinez, California (the "Premises"). At the time of the accident, Plaintiff was in the course of his employment as a gasoline and petroleum products hauler for Cross-Defendant Henner Tank Lines, Inc. ("Cross-Defendant"). Plaintiff filed suit against TRMC for negligence related to his personal injuries sustained.

Cross-Defendant and non-party Tesoro Logistic Operations, LLC entered into an agreement (the "Carrier Access Agreement") which expressly required Cross-Defendant to indemnify Tesoro Logistic Operations, LLC for certain events related to or arising out of the use of the Premises. TRMC was not a party to the CAA. However, TRMC claims the CAA requires Cross-Defendant to indemnify it for the injuries sustained by Plaintiff on the Premises. TRMC now brings the instant Cross-Complaint for: 1) express indemnity; 2) breach of contract; 3) equitable indemnity; and 4) declaratory relief.

## IV.  MOTION TO DISMISS PURSUANT TO FRCP, RULE 12(b)(6)

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court may generally consider only allegations in the pleadings, attached exhibits, and matters properly subject to judicial notice. The court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

## V.  LEGAL ANALYSIS

**1. Cross-Claimant's Cause of Action for Equitable Indemnity Fails to State Facts Sufficient to Constitute a Cause of Action**

As stated above, TRMC alleges, in its Cross-Complaint, that Plaintiff was an employee of Cross-Defendant on the date and time of the incident. (Cross-Compl., ¶ 16.)

TRMC's cause of action for equitable indemnity is prohibited by Labor Code § 3864. Labor Code § 3864 provides:

> [I]f an action as provided in this chapter prosecuted by the employee...against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury.

Labor Code § 3864 eliminates an employer's liability under an equitable or implied indemnity theory when its employee is injured during the course and scope of employment due to the negligence or partial negligence of a third party. *City of Oakland v. Delcon Associates*, 168 Cal. App. 3d 1126, 1128-1129 (Cal. App. 1st Dist. 1985).

Here, Cross-Defendant, as the employer of Plaintiff, is not responsible for any equitable apportionment of fault for Plaintiff's alleged injuries. Thus, the motion to dismiss the cause of action for equitable indemnity should be granted without leave to amend. To rule otherwise would circumvent established workers compensation law.

2. **Cross-Claimant's Causes of Action for Express Indemnity and Breach of Contract Fail to State Facts Sufficient to Constitute Causes of Action**

Under California law, for an indemnification clause such as the one in Cross-Complaint to be enforceable, the document containing the indemnification clause must be signed **by both parties**, not just the party against whom the contract is being enforced. *Hansen Mech., Inc. v. Super. Ct.*, 40 Cal. App. 4th 722, 730 (Cal. App. 2d Dist. 1995). "[A] written agreement is "executed" when all parties sign the agreement; only then is the written agreement completed and all necessary formalities performed." *Nielsen Constr. Co. v. Intl. Iron Products*, 18 Cal. App. 4th 863, 869 (Cal. App. 4th Dist. 1993).

Here, the indemnification clause was contained in the Carrier Access Agreement ("CAA") entered into by and between Cross-Defendant and Tesoro Logistics Operations, LLC. (Cross-Compl., ¶ 11.) The CAA was executed on April 23, 2019 by a representative of Andeavor and a representative on behalf of Cross-Defendant. Andeavor is not a party to the CAA. TRMC is not a party to the CAA.

Therefore the CAA was not properly executed pursuant to Labor Code § 3864. Thus, Cross-Defendant is not obligated to indemnify TRMC. Accordingly, there is no breach of contract, as there is no obligation to indemnify as alleged in the Cross-Complaint.

Even assuming the contract is enforceable as alleged, TRMC's contract causes of action should be dismissed as TRMC expressly waived its right to litigate such claims in any jurisdiction besides the exclusive jurisdiction identified in the CAA. Section 16 of the CAA provides:

> **[W]ITH RESPECT TO ANY DISPUTE ARISING OUT OF OR RELATING TO THIS AGREEMENT, EACH PARTY AGREES TO SUBMIT TO THE EXCLUSIVE JURISDICTION OF ANY FEDERAL COURT LOCATED IN BEXAR COUNTY, SAN ANTONIO, TEXAS. EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY OBJECTION OR DEFENSE THAT IT MAY HAVE BASED ON IMPROPER VENUE OR *FORUM NON CONVENIENS* TO THE CONDUCT OF ANY SUCH PROCEEDING IN AN ANY SUCH COURTS…WITH RESPECT TO ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, EACH PARTY HEREBY WAIVES TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY.** (emphasis in original.)

Therefore, TRMC's contract causes of action should also be dismissed on the grounds that it waived its right to bring these claims in this Court. TRMC intentionally and effectively breached the CAA by doing so. TRMC's contract causes of action should be dismissed without leave to amend.

3.  **Cross-Claimant's Cause of Action for Declaratory Relief Fails to State Facts Sufficient to Constitute a Causes of Action**

TRMC's cause of action for declaratory relief fails to state facts sufficient for a cause of action for which relief can be granted. It is well settled in California authority that a motion to dismiss is an appropriate proceeding to declare the rights of the parties if they can be determined as a matter of law. *Arroyo v. Regents of U. of California*, 48 Cal. App. 3d 793, 795 (Cal. App. 1st Dist. 1975). As a matter of law as discussed above, Cross-Defendants have never been obligated to indemnify TRMC pursuant to the CAA.

In any event, TRMC cause of action for declaratory relief is simply a restatement of its breach of contract claim, and the parties to the CCA have expressly waived their right to have this Court determine any and all rights and obligations of the parties to the CAA.

**VI.     CONCLUSION**

Pursuant to the foregoing, Defendant respectfully requests that this Court grant this instant Motion to Dismiss pursuant to FRCP Rule 12(b)(6) with prejudice.

DATED: November 24, 2020                           BERMAN BERMAN BERMAN
                                                                              SCHNEIDER & LOWARY, LLP

                                                                              */S/ Bryan G. Ceglio*
                                                               By:_____
                                                                              MARK E. LOWARY, ESQ.
                                                                              BRYAN G. CEGLIO, ESQ.
                                                                              Attorneys for Defendant,
                                                                              HENNER TANK LINES, INC.

I, Debbie A. Main, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 2390 Professional Drive, Roseville, CA 95661.

On November 24, 2020, I served the following document(s) on the parties in the within action:

| | |
|---|---|
| **X** | I hereby certify that on **November 24, 2020**, a copy of the foregoing list of documents were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.<br><br>**DEFENDANT HENNER TANK LINES, INC.'S  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CROSS-COMPLAINANT'S CROSS-COMPLAINT [FRCP, Rule 12(b)(6)]** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 24, 2020.

By: _____

...

## Service List

| | |
|---|---|
| **Ben Agosto, III, Esq.**<br>**Ryan Sterling Pigg, Esq.**<br>The Buzbee Law Firm<br>600 Travis St., Suite 7300<br>Houston, TX 77002<br>Tel: 713-223-5393<br>Fax: 713-223-5909<br>E-mail: bagosto@txattorneys.com<br>　　　rpigg@txattorneys.com<br>**Attorneys for PLAINTIFF WALTER SCOTT** | **Joel Zane Montgomery, Esq.**<br>**Z. Alex Rodriguez, Esq.**<br>**Jonathan B. Smith, Esq.**<br>Shipley Snell Montgomery Droog LLP<br>712 Main St. - Ste 1400<br>Houston, TX 77002<br>Tel: (713) 652-5920<br>Fax: 713-652-3057<br>E-mail: jmontgomery@shipleysnell.com<br>　　　jsmith@shipleysnell.com<br>　　　jsmith@shipleysnell.com<br>**Attorney for DEFENDANT ANDEAVOR, LLC and DEFENDANT/CROSS-COMPLAINANT TESORO REFINING & MARKETING CO., LLC** |
| **Adante Pointer, Esq.**<br>Pointer & Buelna, LLP<br>Lawyers For The People<br>1901 Harrison Street, Suite 1140<br>Oakland, CA 94612<br>Tel: (510) 929-5400<br>E-mail: Apointer@lawyersftp.com<br>**Attorneys for PLAINTIFF WALTER SCOTT** | **Scott Thomas Tropio, Esq.**<br>Tropio & Morlan<br>21700 Oxnard St., Ste. 1700<br>Woodland Hills, CA 91367<br>Tel: 818-883-4000<br>Fax: 818-883-4242 (fax)<br>E-mail: scott.tropio@wilsonelser.com<br>**Attorneys for DEFENDANT TESORO REFINING & MARKETING CO., LLC** |
| Daniel S. Hurwitz, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407<br>213.330.8764 (Direct)<br>310.709.7714 (Cell)<br>213.443.5100 (Main)<br>213.443.5101 (Fax)<br>E-mail: dan.hurwitz@wilsonelser.com<br>**Attorneys for DEFENDANT/CROSS-COMPLAINANT TESORO REFINING & MARKETING CO., LLC and DEFENDANT ANDEAVOR, LLC** | |