Mark E. Lowary, Esq. (SBN 168994)
Bryan G. Ceglio, Esq. (SBN 312682)
BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP
2390 Professional Drive
Roseville, California 95661
Telephone: (916) 846-9391
Facsimile: (916) 672-9290
E-mail: melowary@b3law.com
E-mail: bceglio@blaw.com

Attorneys for Cross-Defendant
HENNER TANK LINES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WALTER SCOTT | CASE NO: 4:20-CV-04875-JSW |
| Plaintiff, | **CROSS-DEFENDANT HENNER TANK LINES, INC.'S REPLY TO CROSS-COMPLAINANT'S OPPOSITION TO MOTION TO DISMISS CROSS-COMPLAINANT'S CROSS-COMPLAINT [FRCP, Rule 12(b)(6)]** |
| vs. | |
| TESORO REFINING & MARKETING, COMPANY, LLC, | |
| Defendant(s). | Date:       January 8, 2021 |
| | Time:       9:00 a.m. |
| | CRTRM:    Courtroom 5, 2nd Floor |
| TESORO REFINING & MARKETING COMPANY, LLC, | |
| Cross-Complainant, | |
| vs. | |
| HENNER TANK LINES, INC., and ROES 1 -50, | |
| Cross-Defendant(s). | |

///

///

///

///

## I.    INTRODUCTION

Plaintiff Walter Scott, an employee of Cross-Defendant Henner Tank Lines, Inc. ("HTL"),  filed a personal injury action against Cross-Complainant Tesoro Refining & Marketing Co. LLC ("TRMC") in the United States District Court for the Western District of Texas, San Antonio Division. TRMC subsequently filed a motion to transfer venue to this Court.

Now, TRMC has filed suit against HTL for indemnity, equitable and express, alleging that the CAA requires HTL to indemnify it pursuant to the express provisions of the CAA and equitable principles. TRMC claims the failure to do so constitutes breach of contract. TRMC argues that the aforementioned causes of action do not afford it adequate relief so declaratory relief is necessary.

HTL is covered by worker's compensation immunity of Labor Code, section 3864 (hereafter "Section 3864"), and cannot because TRMC did not execute the CAA.

Even if TRMC is found to have executed the CAA, TRMC right to indemnity is limited to the express provisions of the CAA. Equitable indemnity is improper.

Lastly, Section 3864 precludes recovery by third party on theory of breach of contract and declaratory relief. Therefore, the causes of action should be dismissed.

## II.    LEGAL ANALYSIS

HTL, as the employer of the injured employee Walter Scott[1], is covered by the workers' compensation and insurance immunity provided by Section 3864 and cannot be liable unless TRMC first establishes a contract that meets the strict requirements of Section 3864. As established by this Motion, TRMC cannot meet this burden, because the Carrier Access Agreement ("CAA") was not fully "executed" by both parties prior to the injury. As explained in HTL's moving papers, the CAA was executed by a representative of Tesoro Logistics Operations LLC, not the party that filed the Cross-Complaint—TRMC. Therefore, TRMC is barred from bringing the Cross-Complaint seeking monies paid for the defense and settlement of the underlying claims brought by employee Plaintiff Walter Scott.

Even assuming the CAA applies to the facts at hand, TRMC is limited to the relief provided by the express provisions of the CAA. The purpose of 3864, which states that employer shall have no

---

[1] See Cross-Complainant's Cross-Complaint wherein it alleges that Walter Scott "was acting in his capacity as an employee of [HTL]" at the time of the injury occurred. (Cross-Complaint, p. 11, ¶ 16.)

liability to reimburse third person for judgment awarded employee in absence of written agreement executed prior to injury is to eliminate employer's liability under equitable or implied indemnity theory when its employee is injured during course and scope of employment due to negligence or partial negligence of third party. *See City of Oakland v. Delcon Associates*, 168 Cal. App. 3d 1126 (Cal. App. 1st Dist. 1985). Section 3864 fully embraces the exclusive remedy concept visualize by Workers' Compensation Law and abolishes a third party from seeking redress except what is expressly provided for in a contract properly executed by the parties. As such, TRMC cause of action for equitable indemnity should be dismissed.

While TRMC did not file the underlying Complaint, which was brought in Federal court in San Antonio, it did file a motion to transfer venue to this Court. In result, TRMC intentionally waived to its right to bring the Cross-Complaint as provided by the CAA. Per the CAA, "EACH PARTY AGREES TO SUBMIT TO THE EXCLUSIVE JURISDICTION OF ANY FEDERAL COURT LOCATED IN BEXAR COUNTY, SAN ANTONIO, TEXAS" as it relates to "ANY DISPUTE ARISING OUT OF OR RELATING TO THIS AGREEMENT." This provision was clearly drafted for the benefit of **each** party as demonstrated by a plain reading of the words "EACH PARTY". Only a court explicitly identified in the CAA can interpret the CAA and the rights of the respective parties thereunder.

Lastly, as explained by the court in *Alameda Tank Co. v. Starkist Foods, Inc.*, "[t]he statutory right of the employer [] to be free from liability beyond that imposed by the worker's compensation laws cannot be evaded by the ingenuity of counsel in presenting his claim for reimbursement under any variety of theories or nomenclature." *Alameda Tank Co. v. Starkist Foods, Inc.*, 103 Cal. App. 3d 428, 433 (Cal. App. 2d Dist. 1980). The court held, Section 3864 precluded recovery by the third party on theory of breach of contract, breach of express and implied warranties, implied equitable indemnity, fraud, negligent misrepresentation, equitable estoppel, waiver, and declaratory relief. *Id*.

## III.   CONCLUSION

For the foregoing reasons, the Court should dismiss Cross-Complainant's causes of action without leave to amend.

[SIGNATURE ON FOLLOWING PAGE]

DATED: December 15, 2020

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

*/S/ Bryan G. Ceglio*

By:_____

MARK E. LOWARY, ESQ.
BRYAN G. CEGLIO, ESQ.
Attorneys for Defendant,
HENNER TANK LINES, INC.

1

2      I, Debbie A. Main, declare:

3      I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4  interested in the within entitled cause.  My business address is 2390 Professional Drive, Roseville, CA

5  95661.

6      On December 15, 2020, I served the following document(s) on the parties in the within action:

7

| X | I hereby certify that on **December 15, 2020**, a copy of the foregoing list of documents were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.<br><br>**CROSS-DEFENDANT HENNER TANK LINES, INC.'S REPLY TO CROSS-COMPLAINANT'S OPPOSITION TO MOTION TO DISMISS CROSS-COMPLAINANT'S CROSS-COMPLAINT [FRCP, Rule 12(b)(6)]** |
|---|---|

13

14      I declare under penalty of perjury under the laws of the State of California that the foregoing is

15  a true and correct statement and that this Certificate was executed on December 15, 2020.

16

17

18      By:_____

19

20

21

22

23

24

25

26

27

28

1

2                                              **Service List**

3          _____

4   **Ben Agosto, III**, **Esq.**
    **Ryan Sterling Pigg, Esq.**                    **Joel Zane Montgomery, Esq.**
5   The Buzbee Law Firm                             **Z. Alex Rodriguez, Esq.**
    600 Travis St., Suite 7300                      **Jonathan B. Smith, Esq.**
6   Houston, TX 77002                               Shipley Snell Montgomery Droog LLP
    Tel: 713-223-5393                               712 Main St. - Ste 1400
7   Fax: 713-223-5909                               Houston, TX 77002
    E-mail: bagosto@txattorneys.com                 Tel: (713) 652-5920
8           rpigg@txattorneys.com                   Fax: 713-652-3057
    **Attorneys for PLAINTIFF WALTER**              E-mail: jmontgomery@shipleysnell.com
9   **SCOTT**                                               jsmith@shipleysnell.com
                                                            jsmith@shipleysnell.com
10  **Adante Pointer, Esq.**                        **Attorney for DEFENDANT ANDEAVOR,**
    Pointer & Buelna, LLP                           **LLC and DEFENDANT/CROSS-**
11  Lawyers For The People                          **COMPLAINANT TESORO REFINING**
    1901 Harrison Street, Suite 1140                **& MARKETING CO., LLC**
12  Oakland, CA 94612
    Tel: (510) 929-5400
13  E-mail: Apointer@lawyersftp.com                 **Scott Thomas Tropio, Esq.**
    **Attorneys for PLAINTIFF WALTER**              Tropio & Morlan
14  **SCOTT**                                       21700 Oxnard St., Ste. 1700
                                                    Woodland Hills, CA 91367
15  Daniel S. Hurwitz, Esq.                         Tel: 818-883-4000
    Wilson Elser Moskowitz                          Fax: 818-883-4242 (fax)
16  Edelman & Dicker LLP                            E-mail: scott.tropio@wilsonelser.com
    555 S. Flower Street - Suite 2900               **Attorneys for DEFENDANT TESORO**
17  Los Angeles, CA 90071-2407                      **REFINING & MARKETING CO., LLC**
    213.330.8764 (Direct)
18  310.709.7714 (Cell)
    213.443.5100 (Main)
19  213.443.5101 (Fax)
    E-mail: dan.hurwitz@wilsonelser.com
20  **Attorneys for DEFENDANT/CROSS-**
    **COMPLAINANT**
21  **TESORO REFINING & MARKETING**
    **CO., LLC and DEFENDANT**
22  **ANDEAVOR, LLC**

23

24

25

26

27

28

                                        6