UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| Walter Scott | ) Case Number: 4:20-CV-04875-JSW |
| *Plaintiff,* | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT & [PROPOSED] ORDER** |
| vs. | ) |
| Tesoro Refining & Marketing Company LLC, et al | ) |
| *Defendants.* | ) |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1.  Jurisdiction & Service

This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the fact that the controversy between all claimants exceeds the value of $75,000 and, at the time of filing, complete diversity exists among the Parties.

The parties are not aware at this time of any issues that exist with regards to personal jurisdiction or venue. The parties that remain to be served are Chris Nash Trucking, Inc., Alliance Tank Lines, Inc., Defendant Pac West Trucking & Transportation, Inc. and Joe Gomes Trucking, Inc. A proposed deadline for service will be in the next three weeks.

2.  Facts

Plaintiff is a gasoline and petroleum products hauler. On or about the morning of September 4, 2019, Plaintiff drove to Defendant Tesoro's Refinery in Martinez, California in his combination tractor-tanker to pick up a load of gasoline. After arriving on the premises, Plaintiff pulled his rig into a loading terminal lane so that product could be loaded into his cargo tank. Once he was

1

properly positioned in the lane, Plaintiff made a complete stop and exited his truck to begin the
loading process.

2

The ground of loading terminal's lane was saturated with an excess of petrochemical
product and mud. Plaintiff alleges that Defendant Tesoro failed to clean and clear the loading bay
area such that it was safe for workers to load rigs, like Plaintiff. The result of this mixture created
an extremely slippery surface, which Plaintiff would be forced to negotiate in order to complete
his loading procedure and pre-trip inspection. While circling around his truck, Plaintiff lost his
footing and fell. But, the lane was so slippery that Plaintiff did not fall directly to the ground—
Plaintiff desperately attempted to maintain his balance and in the process, was caught in his
tractor's hose. As he was ensnared, he continued to fall. The force of Plaintiff's tangled fall caused
Plaintiff's knees, shoulder and back to "pop," and Plaintiff landed facedown. Plaintiff blacked out
thereafter. When he awoke, Plaintiff was suspended above the ground by his tangle, with only the
brim of his hard hat keeping his face from the submerging in the mud.  Shortly after Plaintiff
regained consciousness, Plaintiff was assisted by Refinery personnel to help extricate Plaintiff
from his entanglement. It took three (3) Tesoro personnel and several minutes to free Plaintiff
because of the slippery surface and entangled hose. The force of the fall immediately caused
Plaintiff pain to both of his knees, his shoulder, his back and his head.

Earlier on the day of the incident, Defendants Chris Nash Trucking, Alliance, Pac West
and Gomes Trucking (the "Trucking Defendants") each picked up loads at the Martinez Refinery,
using the same loading terminals that Plaintiff would eventually use. Plaintiff alleges that each
Trucking Defendant used the lane, each failed to use reasonable care in loading, which cause
and/or contributed to the collection of excess product, mud and debris that gathered in the lane.
Plaintiff alleges that the combination of the Trucking Defendants' negligent loading with the
Defendant Tesoro's negligent care of the premises proximately caused Plaintiff's injuries. Further,
Plaintiff alleges that the Defendants' conscious disregard of an objective, extreme degree of risk
posed by the hazardous condition of the Refinery's loading lane proximately caused Plaintiff's
injuries.  After this incident, Plaintiff sought medical treatment for his injuries.

Defendant Tesoro Refining & Marketing Company LLC ("TRMC") disputes that any
hazardous condition existed at the subject premises at the time of Plaintiff's alleged injury, and,
further denies that Plaintiff sustained any injuries, or that the nature or severity is as Plaintiff
describes it.

TRMC further asserts that, to the extent Plaintiff was injured, it was solely due to his own
negligence. Additionally, because Plaintiff was acting within the course and scope of his
employment for Third-Party Defendant Henner Tank Lines, Inc. ("Henner") at the time of his
alleged injuries, and because Henner owes TRMC indemnity for any harms caused by its
employees' activities at the subject premises pursuant to a Carrier Access Agreement ("CAA")
under which Mr. Scott, on behalf of Henner, was present the day of his alleged injuries, any
liability attributable to TRMC must be paid by Henner, which further owes TRMC a defense
obligation dating back to TRMC's initial tender of defense and indemnity. TRMC is entitled to
this indemnity under the CAA because it is an "affiliate" of Tesoro Logistics Operations LLC
("TLO"), the signing entity, and because the CAA expressly states that the contracting party is the
combination of TLO and its affiliates. Moreover, the existence of the CAA operates as an
exception to the worker's compensation immunity to which Henner may otherwise be entitled
under Cal. Labor Code § 3864.

Henner disputes that it is liable to TRMC for indemnity or breach of contract. Henner, as
the employer of the injured employee, Plaintiff Walter Scott, is covered by the worker's

compensation immunity of Labor Code § 3864 and cannot be liable herein unless TRMC first establishes a contract that meets the strict requirements of Labor Code § 3864. TRMC cannot meet this burden because it was not a party to the CAA. The CAA is not applicable to the facts at hand as it was not fully "executed" by both parties prior to the injury. Further, Henner disputes that TRMC was a third-party beneficiary to the CAA as TRMC does not meet the definition of an Affiliate as defined therein. As such, TRMC has no contractual basis by which to circumvent Henner's Immunity under labor Code § 3864. Likewise, TRMC does not have a valid cause action for breach of contract, as it was not a party or third-party beneficiary to CAA.

3. Legal Issues

The disputed points of law are with regard to Plaintiff's claim of negligence as to all Defendants. Whether TRMC the CAA was fully executed by TRMC and Henner prior to the injury. Whether TRMC was a third-party beneficiary to the CAA.

4. Motions

There are currently no pending motions before this Court. All prior motions have received an order from this Court. Defendants anticipate filing dispositive motions and *Daubert* motions as appropriate once discovery is completed or substantially completed.

5. Amendment of Pleadings

Plaintiff does not expect to add or dismiss any parties, claims or defenses at this time.

6. Evidence Preservation

The parties certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored information. The parties further certify that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures

The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26 two weeks after the joint case management conference.

8. Discovery

At this time, Henner is the only party that has served written discovery requests. Henner has served interrogatories and request for documents to Plaintiff and TRMC.

The parties do not foresee any limitations on discovery, except for that depositions shall not exceed **6 hours** as to any deponent. The parties have not considered entering into a stipulated e-discovery order. The parties have not identified any discovery disputes to date. The parties anticipate the scope of discovery to include initial disclosures, request for production, interrogatories, request for admissions, depositions of fact witnesses, depositions of the Plaintiff and Defendants, depositions of expert witnesses, etc.

9.  Class Actions
Not applicable.

10.  Related Cases
The parties are not aware of any related cases.

11.  Relief
The relief Plaintiff seeks through his Complaint are general and special damages, pre-and post-judgment interest, costs of suit, including reasonable attorneys' fees, as allowed by law and such other and further relief that the Court may deem just and proper.

The bases on which Plaintiff contends damages should be calculated will be shown through expert witness reports, medical records, testimony as well as other evidence. Certain damages are subject to the discretion of the jury.

The relief TRMC seeks through its Third Party Complaint is reimbursement for its defense expenses incurred since the date of its tender to Henner, and complete indemnification by Henner as to any damages for which TRMC is determined to be liable.

Henner prays that Cross-Complainant TRMC takes nothing from Henner by way of its cross-complaint. Further, Henner seeks costs of the suit incurred, attorneys fees, and any further relief the Court deems proper.

12.  Settlement and ADR
Plaintiff, Defendant, and Cross-Defendant do not foresee the possibility of being able to conduct any meaningful discussions regarding possible resolution until discovery has been conducted. With that being said, the parties will continue to evaluate and consider the potential for mediation.

13.  Consent to Magistrate Judge For All Purposes
Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.     ____ YES   **X   NO**

14.  Other References
This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties are not aware at this time of issues that can be narrowed by agreement or by motion at this time. The parties will continue to work diligently to litigate the case and if there are issues that can be narrowed in the future, the parties will revaluate.

16. <u>Expedited Trial Procedure</u>

Not applicable.

17. <u>Scheduling</u>

Plaintiff proposes that Fact discovery shall be completed by March 22, 2022. Deadline for designation of expert witnesses shall be October 1, 2021 for Plaintiff and November 1, 2021 for Defendants. Dispositive motions shall be served and filed no later than March 22, 2022. Pre-trial conference shall be scheduled for April 26, 2022. Trial date will be April 29, 2022.

The proposed date for completion of initial ADR session will be March 23, 2022.

TRMC proposes that Plaintiff's expert disclosure should take place March 23, 2022; Defendants' expert disclosure should take place April 26, 2022; Dispositive motions should be filed no later than May 24, 2022, the Pre-trial conference should be scheduled for June 28, 2022, and the trial date should be July 5, 2022. Henner concurs with TRMC's proposal as stated above.

18. <u>Trial</u>

The parties expect this case to be tried before a jury. The parties expect the trial to last 5-7 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Each party, except for Plaintiff, has filed the Certificate of Interested Entities or Persons as required by Civil Local Rule 3-15.

As required, below is a restatement of the contents of Defendants Tesoro Refining & Marketing LLC and Andeavor LLC's certificate of interested entities or persons:

- Tesoro Refining & Marketing Company LLC (Defendant), which is a direct, wholly-owned subsidiary of:
  - Western Refining Southwest, Inc.; and
- Andeavor LLC (Defendant), which is a direct, wholly owned subsidiary of:
  - Marathon Petroleum Corporation.

Below is a restatement of the certificate of interested entities or persons for Defendant Henner Tank Lines, Inc.

1.  Henner Tank Lines, Inc.
2.  Douglas Henner
3.  Deborah Henner
4.  Erwin Lynn Group, LLC

20.  Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  Other

Not applicable.

Dated: April 30, 2021          /s/ Ryan S. Pigg
                               _____
                               Counsel for Plaintiff Walter Scott

Dated: April 30, 2021          /s/ Daniel S. Horowitz (*with permission)
                               _____
                               Counsel for Defendants Tesoro Refining &
                               Marketing LLC and Andeavor LLC

Dated: April 30, 2021          /s/ Bryan G. Ceglio (*with permission)
                               _____
                               Counsel for Cross-Defendant Henner Tank Lines, Inc.

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Page 6 of 7

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE