UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>TESORO REFINING & MARKETING CO., LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-04875-JSW<br><br>**ORDER SETTING PRETRIAL AND TRIAL DATES AND VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 61 |

This matter is scheduled for an initial case management conference on Friday, May 7, 2021. The Court has received and considered the parties' joint case management conference statement, and it HEREBY VACATES the case management conference. It is HEREBY ORDERED that the case management statement is adopted except as expressly modified by this Order. It is further ORDERED that:

**A.    DATES**

| | |
|---|---|
| Close of fact discovery: | March 4, 2022 |
| Plaintiff's expert disclosure: | March 25, 2022 |
| Defendants' expert disclosure: | April 22, 2022 |
| Hearing on dispositive motions: | June 24, 2022 at 9:00 a.m. |
| Pretrial conference: | August 29, 2022 at 2:00 p.m. |
| Jury selection: | September 14, 2022 at 8:00 a.m. |
| Trial: | September 19, 2022 at 8:00 a.m. |

1   The parties are reminded that they shall each be allowed to file ONE motion for summary
2   judgment. Should the parties file cross-motions for summary judgment, they shall meet and
3   confer to determine the order of filing and only submit four briefs to the Court for its review:

Opening summary judgment motion;

Opposition and cross-motion;

Reply to motion and opposition to cross-motion;

Reply to cross-motion (filed at least two weeks prior to hearing).

### B. DISCOVERY

The parties are reminded that a failure voluntarily to disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

If the parties have discovery disputes, they shall follow the procedures set forth in this Court's Civil Standing Orders, and the Court reserves the right to refer discovery disputes in this matter to a magistrate judge.

### C. ALTERNATIVE DISPUTE RESOLUTION

By agreement of the parties as set forth on page 4 of the joint case management statement, this matter is referred to private mediation, to be conducted by March 4, 2022. The parties shall promptly notify the Court whether the case is resolved.

### D. PROCEDURE FOR AMENDING THIS ORDER

No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil Local Rule 7-1 upon a showing of very good cause. A motion may take the form of a stipulation and proposed order pursuant to Civil Local Rules 7-1(a)(5) and 7-12, but the parties may not modify the pretrial schedule by stipulation without a Court order. If the modification sought is an extension of a deadline contained herein, the motion must be brought <u>before</u> expiration of that deadline. A conflict with a court date set after the date of this order does not constitute good cause.

The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk. The only discovery schedule that the Court will enforce is the one set in this order. Additionally, briefing schedules that are specifically set by the Court may not be altered by stipulation without a Court order; rather, the parties must obtain leave of Court.

**IT IS SO ORDERED.**

Dated: April 30, 2021

_____
JEFFREY S. WHITE
United States District Judge